UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CCP INTERNATIONAL SHIPPING and YEMI ADEGBOYEGA, | *<br>*<br>* |
| Plaintiffs, | *<br>* |
| v. | * Civil Action No. 18-cv-12626-ADB<br>* |
| BANKERS INSURANCE COMPANY and BANKERS FINANCIAL CORPORATION, | *<br>*<br>* |
| Defendants. | * |

## MEMORANDUM AND ORDER ON MOTION TO DISMISS

BURROUGHS, D.J.

Plaintiffs CCP International Shipping ("CCP") and Yemi Adegboyega claim that Defendants Bankers Insurance Company ("BIC") and Bankers Financial Corporation ("BFC")[1] breached a contractual agreement between the parties and violated Massachusetts General Laws Chapter 93A by improperly drawing upon a $50,000 letter of credit posted by Plaintiffs as collateral for a surety bond. The $50,000 letter of credit was to be drawn upon to pay any judgment or settlement arising from CCP's shipping business, but Plaintiffs claim that BIC or BFC drew upon the letter of credit when CCP was not liable for a settlement or judgment. See [ECF No. 1-3 at 4–7 ("Complaint" or "Compl.") ¶¶ 4–6]. Defendants move to dismiss for insufficient service of process and failure to state a claim upon which relief can be granted. [ECF No. 8]; see Fed. R. Civ. P. 12(b)(5), 12(b)(6). For the reasons explained herein, the motion

---

[1] The Complaint names "Bankers Financial Corporation/Banker Insurance Company" as a single defendant. Plaintiffs, however, issued a summons to "Bankers Financial Corp." alone. See [ECF No. 1-3 at 2]. Defendants have explained that BFC and BIC are separate entities, that BFC, a holding company that does not itself issue surety bonds, is the corporate grandparent of BIC, and that the bonds at issue here were issued or received by BIC. See [ECF No. 8-2 at 1–3 ("Kesneck Aff.") ¶¶ 3–6, 10]; see also [ECF No. 8-2 at 5, 10].

to dismiss is GRANTED, and the Complaint is dismissed without prejudice. Plaintiffs may amend the Complaint within twenty-one days, and then properly serve the defendant or defendants named in the amended complaint.

I. BACKGROUND

The following facts are drawn from the Complaint, the well-pleaded allegations of which are taken as true for purposes of evaluating Defendants' motion to dismiss. See Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014). Certain details are also culled from documents referred to in the Complaint and from documents whose authenticity is not disputed by the parties. See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

In December 2013, CCP posted a $50,000 letter of credit issued by Bank of America as collateral for a surety bond issued by BIC. Compl. ¶¶ 4–5; see also [ECF No. 8-2 at 10]. The letter of credit was to be used to settle potential claims against CCP arising from its shipping business. Compl. ¶ 6. On January 13, 2015, without notifying Plaintiffs or settling any claim, BIC drew $50,000 from the letter of credit. Id. ¶¶ 9–11.[2] BIC was non-responsive when CCP attempted to determine why the funds had been drawn. Id. ¶ 14.

On April 30, 2018, prior to filing this action, CCP faxed Defendants a draft complaint. The next day, the parties discussed holding off litigation to give Defendants an opportunity to evaluate the situation. [ECF No. 15 at 1].[3] On May 11, 2018, Defendants wrote to CCP and explained that it was their position that BIC was entitled to draw upon the $50,000 letter of credit

---

[2] BIC has explained that it drew upon the letter of credit after it was informed that the letter of credit was not going to be renewed because CCP had not posted replacement collateral. BIC maintains that it is entitled to hold $50,000 as collateral until the three-year statute of limitations for claims against the surety bond it issued in favor of CCP expires in December 2019. See [ECF No. 8-1 at 2–3].
[3] Plaintiffs' opposition to the motion to dismiss, [ECF No. 15], references several dates in 2017, which the Court assumes are typographical errors and meant to specify dates in 2018.

2

because BIC had been informed that the letter of credit, the only collateral posted by CCP, would not be renewed, while claims could be made against the surety bond BIC had written in favor of CCP until December 2019. [ECF No. 16-1 at 4]. Defendants offered to compromise by releasing half of the collateral. Id.

On June 7, 2018, Plaintiffs filed this action in Suffolk County Superior Court. See [ECF No. 14 at 2]. On June 14, 2018, Defendants offered to release the full $50,000 in collateral in exchange for a release of claims and an acknowledgment of CCP's obligation to indemnify Defendants against potential claims. [ECF No. 16-1 at 7]. The offer was not accepted. On November 28, 2018, Plaintiffs served BFC by certified mail. [ECF No. 1-3 at 3]. Although Plaintiffs claim to have served both BFC and BIC, BIC maintains that it was not served, and the only summons filed with the Court was addressed to BFC alone. [ECF No. 8-2 at 1–3 ("Kesneck Aff.") ¶ 9; ECF No. 1-3]. On December 21, 2018, Defendants removed the action to this Court. [ECF No. 1]. On January 16, 2019, Defendants filed the motion to dismiss, claiming insufficient service of process and failure to state a claim, [ECF No. 8]; on February 4, 2019, Plaintiffs filed a memorandum in opposition, [ECF No. 16]; and, on February 6, 2019, Defendants replied, [ECF No. 19].

## II. INSUFFICIENT SERVICE OF PROCESS

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of process must be satisfied." Cichocki v. Mass. Bay Cmty. Coll., 174 F. Supp. 3d 572, 575 (D. Mass. 2016) (quoting Aly v. Mohegan Council-Boy Scouts of Am., No. 08-40099-FDS, 2009 WL 3299951, at *1 (D. Mass. Apr. 20, 2009)). Where, as here, the sufficiency of process is challenged under Rule 12(b)(5), the plaintiff bears the burden of proving proper service. Id. "[S]tate law governs the service of process prior to removal to the

district court." Osborne v. Sandoz Nutrition Corp., No. 95-1278, 1995 WL 597215, at *1 (1st Cir. 1995). If a defendant is not subject to the state court's jurisdiction prior to removal, for the federal court to obtain personal jurisdiction, the defendant must be served with process in accordance with Federal Rule of Civil Procedure 4. See Danastorg v. US Bank Nat'l Ass'n, No. 1:15-cv-11512-ADB, 2016 WL 7851407, at *2 (D. Mass. May 3, 2016) (citing Echevarria-Gonzalez v. Gonzalez-Chapel, 849 F.2d 24, 28 (1st Cir. 1988)). The fact that a defendant has actual notice of the lawsuit is insufficient to establish personal jurisdiction. Id.

Here, Plaintiffs have made no attempt to serve Defendants since removing this case, and the Court's personal jurisdiction over Defendants therefore turns on the adequacy of service prior to removal. See Osborne, 1995 WL 597215, at *2 ("We decline to use Section 1448 . . . to 'breathe jurisprudential life in federal court to a case legally dead in state court.'" (quoting Witherow v. Firestone Tire & Rubber Co., 530 F.2d 160, 168 (3d Cir. 1976)). Massachusetts Rule of Civil Procedure 4(e) provides for service of a summons and complaint outside the Commonwealth, among other methods, "by any form of mail addressed to the person to be served and requiring a signed receipt." Mass. R. Civ. P. 4(e). Massachusetts Rule of Civil Procedure 4(j) states:

> If a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Mass. R. Civ. P. 4(j). Massachusetts "Rule 4(j) was meant to be strictly construed." Kennedy v. Beth Israel Deaconess Med. Ctr., Inc., 898 N.E.2d 529, 537 (Mass. App. Ct. 2009). "The focus of the court's inquiry as to good cause is the reasonableness and diligence of counsel's effort to effect service within the time required." Id. Where a party files a motion to enlarge the time in which to complete service before the 90-day period expires, courts are called upon to exercise

4

discretion. See Brunelle v. Blaise, No. 2004-00920, 2004 WL 2746313, at *5 (Mass. Super. Ct. Nov. 29, 2004) (holding that when a party moves for an extension before the 90 days expires "[n]o notice is required to be given to the other side and the extension may be granted without motion"). The good cause standard is more exacting where, as here, the 90-day period has expired before an extension is sought, and is ordinarily met only where the failure to make service is "due to causes over which the moving party had no direct control," Brunelle, 2004 WL 2746313, at *5, for example where a defendant evades service, see Kennedy, 898 N.E.2d at 537.[4]

Defendants contend, as an initial matter, that BIC has not been served. Plaintiffs respond that they served BIC and BFC on November 28, 2018. [ECF No. 16 at 1].[5] Although Plaintiffs filed a certified mail receipt reflecting delivery of something to a person purportedly associated with BIC, see id. at 1–2, they have not demonstrated that BIC was served with a valid summons because the summons filed with the Court is directed to BFC only, [ECF No. 1-3 at 2]; see Mass. R. Civ. P. 4(b) (summons must "be directed to the defendant").

Plaintiffs' opposition to the motion to dismiss also seems to argue that service on BFC alone is sufficient to obtain personal jurisdiction over BIC because "Defendants operates [*sic*] in one unit" and "Plaintiffs in their dealing with the bond and Defendants Agent in California sent a document with letterhead Bankers Financial Corporation/Banker Insurance Company." See

---

[4] Some courts have forgiven litigants for slight delays, particularly where a party made an honest mistake in failing to effectuate service and took diligent steps to correct the mistake once it was uncovered. See, e.g., Brunelle v. Blaise, No. 2004-00920, 2004 WL 2746313, at *6 (Mass. Super. Ct. Nov. 29, 2004) (finding good cause where, six days after the expiration of the 90-day service period, counsel moved for an extension after recognizing that the deadline had been missed due to human error).

[5] Specifically, Plaintiffs assert that based on the "transaction and correspondence between Defendants and Plaintiff's counsel from April 31, 2018, to June 14, 2017, it is convincing clear that Plaintiffs has a good cause for not serving the Defendants with the Summons with assurance that the Defendants through their counsel as presented during the negotiation period that the case will be resolved to avoid the need for litigation." [ECF No. 15 at 2 (typos in original)].

5

[ECF No. 16 at 2].  Plaintiffs' assertion that they believed that Defendants were one entity is belied by the fact that they presented certified mail receipts for purported service on both Defendants (albeit without showing that they sent a properly addressed summons to BIC).  See [ECF No. 16-1 at 1–2].  Conversely, Defendants filed an affidavit that explains their corporate structure and attests that BIC has not received service of process.  Kesneck Aff. ¶ 9.  The Court therefore concludes that BIC has not been served and is not within the Court's jurisdiction at this time.

Defendants also contend that the Complaint should be dismissed because the pre-removal service on BFC was tardy.  Id. ¶ 8.  BFC was served 84 days after the expiration of the 90-day period allowed for service by Massachusetts Rule of Civil Procedure 4(j).  Plaintiffs claim that, because Defendants assured them between April 31 and June 14, 2018 that they wanted to avoid litigation, Plaintiffs were justified in waiting 174 days, after filing the Complaint on June 7, 2018, to serve BFC.  [ECF No. 15 at 2].  This argument is unavailing given Plaintiffs' failure to move for an extension of the 90-day period or to make any effort to serve Defendants within the time period allowed by the Massachusetts rules.  Even assuming that the Court might, in some circumstances, accept that ongoing settlement negotiations could suffice to show good cause for failure to comply with Massachusetts Rule of Civil Procedure 4(j), the length of the delay between the parties' settlement discussions and the service of the Complaint obviates any contention that Plaintiffs' tardiness should be excused.  Moreover, the June 14, 2018 letter identified by Plaintiffs in support of their position is an offer of settlement from Defendants to Plaintiffs, to which Plaintiffs apparently did not respond, and which does not evidence any proactive effort by Plaintiffs to advance or resolve this case.  Therefore, Plaintiffs have not shown good cause for their failure to comply with Massachusetts Rule of Civil Procedure 4(j).

Dismissal for failure to meet the service of process requirements, however, is disfavored where the failure to serve the defendants is curable.  See Danastorg, 2016 WL 7851407, at *3 (citing Torres v. Junto De Gobierno De Servicio De Emergencia, 91 F. Supp. 3d 243, 248 (D.P.R. 2015)).  Where a plaintiff has failed to effectuate service, "federal courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on the defendant." 5B Charles Alan Wright & Arthur R. Miller et al., Federal Practice and Procedure § 1354 (3d ed. 2018).  The Court will exercise its discretion to retain jurisdiction and hold the purported service on both Defendants ineffective.  For the reasons explained below, the Complaint is nevertheless dismissed without prejudice, and Plaintiffs may file an amended complaint within twenty-one days and before pursuing service.

### III. FAILURE TO STATE A CLAIM

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in the light most favorable to the plaintiff.  United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011).  While detailed factual allegations are not required, a complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and it must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory," Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations and citations omitted).  The facts alleged, taken together, must "state a claim to relief that is plausible on its face." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 570).  "A claim is facially plausible if supported by 'factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged.'" Eldredge v. Town of Falmouth, 662 F.3d 100, 104 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

When assessing the sufficiency of a complaint, the Court first "separate[s] the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Maddox, 732 F.3d at 80 (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). Next, the Court "determine[s] whether the remaining factual content allows a 'reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Morales-Cruz, 676 F.3d at 224). "[A] court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," however, a claim may be dismissed. Iqbal, 556 U.S. at 679.

Defendants argue that the claims against BFC, the corporate grandparent of BIC,[6] should be dismissed with prejudice because the causes of action in the Complaint arise entirely from the issuance of the surety bond and the draw-down of the funds from the letter of credit, neither of which involved BFC. [ECF No. 8-1 at 9]. As stated above, the Complaint names as defendant "Bankers Financial Corporation/Banker Insurance Company" and asserts allegations against a

---

[6] Although an entity may be served with process through a corporate parent or subsidiary where allowed by state law, see Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 707 (1988) (finding service on a domestic subsidiary complied with the requirement for due process in serving a foreign parent company where the domestic subsidiary was an agent for service of process under state law), Plaintiffs have not explained a state law under which service on BFC was sufficient to establish the Court's personal jurisdiction over BIC. In fact, Plaintiffs' memorandum of law in opposition to the motion to dismiss cites no case law and no state statutes. The only source of law on which Plaintiffs rely is the Federal Rules of Civil Procedure. See [ECF No. 16].

singular "Defendant."  Plaintiffs nonetheless purportedly served each entity separately, which evidences a recognition that they are separate entities, and Plaintiffs have not made allegations that would support the piercing of the corporate veil.  See TechTarget, Inc. v. Spark Design, LLC, 746 F. Supp. 2d 353, 356 (D. Mass. 2010) ("[C]orporations 'ordinarily are regarded as separate and distinct entities.'" (quoting Scott v. NG U.S. 1, Inc., 881 N.E.2d 1125, 1131 (Mass. 2008))).  The surety bond was issued by BIC alone, see [ECF No. 8-2 at 5], and the Complaint does not allege any actions by BFC that would give rise to the claims asserted.  To the extent Plaintiffs intended to assert claims against BFC, those claims are dismissed without prejudice.  Regardless of whether Plaintiffs intend to proceed against both BIC and BFC or BIC alone, Plaintiffs must file an amended complaint within twenty-one days.  The amended complaint must clearly identify the entity or entities against whom claims are brought.

## IV.    CONCLUSION

Accordingly, the motion to dismiss [ECF No. 8] is GRANTED without prejudice.  The Court finds that the purported service on Defendants did not comply with applicable procedural rules and was therefore ineffective.  Plaintiffs may file an amended complaint within twenty-one (21) days, and may then effect service of process upon the defendant or defendants named in the amended complaint.

**SO ORDERED.**

April 18, 2019                                                                          /s/ Allison D. Burroughs
                                                                                                 ALLISON D. BURROUGHS
                                                                                                 U.S. DISTRICT JUDGE